Bockes, J.
We are of the opinion that the interlocutory judgment overruling the demurrer to the complaint is right, and concur in the reasoning of the special term, expressed in the opinion there delivered, in its geneial and controlling features. It is, as we think, quite manifest that it was the intention of the parties to exhibit “A,” that the “net earnings,” there particularly defined, should constitute a fund from which to meet the interest to accrue on the income bonds, to the extent that such earnings should suffice to pay the rate of interest provided for. This conclusion is well supported, as we think, by the language employed in that instrument, interpreted by the circumstances surrounding the subject and the purpose the parties had in view. It was intended to issue an exceptional class of bonds with a special provision as to their drawing interest, dependent upon the accumulation of a fund, íesting upon contingency; but if brought into existence, then to be devoted to the purpose expressly and definitely declared. So it was provided that the income mortgage bonds should “ bear interest at a rate not exceeding six per centum per annum, payable only out of the net earnings of said company,” defining what should be deemed “net earnings,” and the bonds themselves were to carry a similar provision on their face. Its effect was to declare a fund and set it. apart as a means and security for the purpose declared. Interest was obtainable in no other way. So it is manifest *773 that this fund was, in the intention of the parties, to be devoted to the purpose and end declared. Such is the spirit and meaning of the provision under discussion. Thus in equity it became a fund impressed with a trust in favor of the bondholders, which équity will protect against an improper and unjust diversion. This conclusion we deem fully sustained by the authorities cited in the opinion of the special term, where the subject is further elaborated. If right in this, that the fund when brought into existence inured directly and especially to the benefit of the bondholders, it follows that they have standing in court to demand that their rights should be respected, and the only remaining question is whether an unjust and illegal diversion is charged in the complaint. On this branch of the case we may content ourselves by referring to the opinion of the learned judge, given at special term, and the authorities cited by him in support of his line of reasoning and conclusion.
It is there made plain, as we think, that according to the averments of the complaint, there has been an improper and illegal diversion of the earnings of the defendant’s road to the injury of the plaintiff’s rights as holders of income mortgage bonds, and that such diversion is intended to be continued in the future. If correct in our view of the case, the judgment appealed from should be affirmed.
Interlocutory judgment affirmed, with costs, but with liberty to the defendant to answer on payment of the costs of the demurrer and of appeal.
Learned, P. J., and Landon, J., concur.